# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JONQUETTA A. MORGAN,

        Plaintiff,

v.                                                                 Case No. 09-CV-339

STEPHANIE ALLEN,
President, Integrated Community Resource,

        Respondent.

## ORDER

*Pro se* plaintiff Jonquetta Morgan ("Morgan") filed this action against defendant Stephanie Allen ("Allen"), the President of Morgan's previous employer, Integrated Community Resource. Morgan alleges that she was the victim of discrimination because she was fired after she missed work due to complications of her pregnancy and informed her employer that she was restricted to six hours of work a day, per her physician's orders. In granting Morgan's motion to proceed in forma pauperis, Magistrate Judge Patricia Gorence determined that Morgan stated a possible claim arising under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act (PDA). (*See* Docket #4). The PDA amended Title VII to "clarify that pregnancy discrimination is included in Title VII's prohibition on sex discrimination." *Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1154 (7th Cir. 1997). Defendant Allen was served with the summons and complaint, but failed to file an answer or other responsive pleading. Several months later, after prompting

from the Clerk of Court's Office, Morgan filed a motion for default judgment. Allen never responded to this motion and it remains pending before the court.

However, Morgan's complaint suffers from a fatal flaw. The sole defendant she names, Allen, cannot be held liable for her claim. The Seventh Circuit Court of Appeals holds that an individual defendant cannot be held personally liable under Title VII. *Gastineau v. Fleet Mortgage Corporation*, 137 F.3d 490, 493-94 (7th Cir. 1998). This is true even when the individual is the president or "alter ego" of the company. *See EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1282 n.11 (7th Cir. 1995) (stating in dicta that the court can "see no good reason" why individual defendants should be liable under Title VII, even if a specific defendant is the employer's alter ego). An individual defendant cannot be personally liable because the statute prohibits discrimination by covered *employers*. 42 U.S.C. § 2000e, et seq. Defendant Allen is an individual and not an employer, and cannot be held liable under Title VII. As a result, Morgan fails to state a claim upon which relief may be granted.

The court could dismiss the case on this basis, but will instead grant Morgan an opportunity to amend her complaint. Defendant Allen has not filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), but a district court may issue a *sua sponte* dismissal for failure to state a claim when a sufficient basis for such an action is apparent from the plaintiff's pleading. *Apostol v. Landau*, 957 F.2d 339, 343 (7th Cir. 1992). Regardless of whether the court has the *ability* to issue such a dismissal, this action is not always appropriate. Indeed, the Seventh Circuit

-2-

Case 2:09-cv-00339-JPS   Filed 03/18/10   Page 2 of 4   Document 14

has stated that it is "rudimentary" that a court should not dismiss a complaint *sua sponte* without notifying the plaintiff of its intention and allowing her an opportunity to cure the defect, unless the claims are frivolous. *See English v. Cowell*, 10 F.3d 434, 437 (7th Cir. 1993). Notification and opportunity to cure seems particularly appropriate where, as here, the court is dealing with a *pro se* plaintiff whose claims are not facially frivolous.

Morgan fails to state a claim because she names Allen as the sole defendant, rather than naming her former employer.[1] The court will allow Morgan 30 days in which to cure this defect by filing an amended complaint naming Integrated Community Resource as a defendant in the action. Morgan is advised that an amended complaint must bear the docket number assigned to her case and must be labeled as "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself, without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). This means that Morgan must restate her claim for discrimination and the facts giving rise to her claim in the amended complaint. If Morgan fails to file an amended complaint, the court will be obliged to dismiss her suit.

---

[1] The court notes that a valid Title VII claim against any employer must still meet the statutory requirements, including that the defendant employer be an entity "engaged in an industry affecting commerce who has fifteen or more employees for each working day in each twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

Finally, the court will deny the pending motion for default judgment. This is because the current complaint names only Allen, who is an individual defendant and cannot be held liable under Title VII.

Accordingly,

**IT IS ORDERED** that the plaintiff shall file an amended complaint on or before **April 19, 2010**, curing the defects contained in the original complaint as contained herein. Failure to do so will result in dismissal without further notice based on failure to state a claim.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment (Docket #13) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of March, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-

Case 2:09-cv-00339-JPS   Filed 03/18/10   Page 4 of 4   Document 14